**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANTHONY MASON,
an individual,                                       Case No.

     Plaintiff,

v.

GTE FEDERAL CREDIT UNION,
a federally charted credit union, and

VALENTINE & KEBARTAS, INC.,                  COMPLAINT AND
a foreign corporation,                       DEMAND FOR A JURY TRIAL
                                             (Unlawful Debt Collection
     Defendants.                             Practices)
_____/

## VERIFIED COMPLAINT

### I. INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendants'

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter

''FDCPA'') and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 *et*

*seq.* (hereinafter, ''FCCPA''), which prohibits debt collectors and persons, respectively,

from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. §

1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C. §

1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.     Venue in this District is proper in that the Defendants transacts business

here and the conduct complained of occurred here.

### III. PARTIES

3.     Plaintiff, ANTHONY MASON (hereinafter "Plaintiff"), is a natural person residing in Pinellas County, Florida.

4.     Defendant, GTE FEDERAL CREDIT UNION (hereinafter "GTE"), is a federally chartered credit union engaged in the business of extending credit to consumers in Florida with its principal place of business located at 711 East Henderson Avenue, Tampa, FL 33602.

5.     Defendant, VALENTINE & KEBARTAS, INC. (hereinafter "Valentine & Kebartas") is a foreign corporation engaged in the business of collecting debts in Florida with its principal place of business located at 15 Union Street, Lawrence, MA 01840. Valentine & Kebartas' principal purpose is the collection of debts using telephone and mail, and Valentine & Kebartas regularly attempts to collect debts alleged to be due another.

6.     At all times herein, GTE was a "creditor" as defined by Florida Statute § 559.55.

7.     At all times herein, Valentine & Kebartas is a "debt collector" as defined by Fla. Stat. § 559.55 and 15 U.S.C. § 1692a(6).

8.     At all times herein, Defendants are each a "person" pursuant to Fla. Stat. § 559.72. *See* Schauer v. General Motors Acceptance Corp., 819 So. 2d 809 (Fla. 4th DCA 2002).

9.     At all times herein, Defendants each acted through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10.     At all times herein, Defendants were attempting to collect a debt,

specifically a GTE credit card referenced by account number ending in -9663 (hereinafter "the Debt").

11.     At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

12.     On or about December 30, 2009, Plaintiff retained Leavengood, Nash, Dauval & Boyle, P.A. (hereinafter "Undersigned Counsel") with regard to his debts generally, including the Debt, with the intent of filing for bankruptcy protection.

13.     On or about December 31, 2009, Plaintiff contacted GTE to advise GTE of Undersigned Counsel's representation with regard to the Debt and provide GTE with Undersigned Counsel's contact information.

14.     On or about January 7, 2010, GTE contacted Undersigned Counsel's office to verify representation with regard to the Debt.

15.     Undersigned Counsel's legal assistant, Jessika Acevedo, spoke with GTE's agent or representative and confirmed that Undersigned Counsel represented Plaintiff with regard to the Debt.

16.     On or about February 2, 2010, GTE again contacted Undersigned Counsel's office to verify representation with regard to the Debt.

17.     Undersigned Counsel's legal assistant, Nichole Adams, spoke with GTE's agent or representative and again confirmed that Undersigned Counsel represented Plaintiff with regard to the Debt.

18.     On or about February 19, 2010, Undersigned Counsel's office sent GTE a fax, further notifying GTE of Undersigned Counsel's representation with regard to the Debt.

19.     On or about April 9, 2010, Undersigned Counsel filed an unlawful debt

collection lawsuit against GTE on Plaintiff's behalf (hereinafter the "Lawsuit"). The Lawsuit was filed in the County Court in and for Pinellas County, Florida and can be referenced by civil case number 10-3306-CO-39.

20.     On or before May 3, 2010, GTE was served with a copy of the Lawsuit and hired outside counsel for representation with regard to the Lawsuit.

21.     Shortly thereafter, Plaintiff and GTE reached a confidential settlement.

22.     On or about June 21, 2010, Plaintiff's Lawsuit was dismissed voluntarily, with prejudice. The Lawsuit further provided actual notice of Undersigned Counsel's representation regarding the Debt.

23.     On or before July 16, 2010, despite having received repeated actual notice of Undersigned Counsel's representation with regard to the Debt, including having been served with the Lawsuit, hiring a counsel to defend the Lawsuit, and settling the Lawsuit, GTE almost immediately thereafter turned the Debt over to Valentine & Kebartas for further collection.

24.     On or about July 16, 2010, at approximately 9:11 a.m. ET, Valentine & Kebartas' representative "John" called Plaintiff in an attempt to collect the Debt. The call was placed from telephone number 800-731-7766.

25.     John advised Plaintiff that he was calling regarding the Debt.

26.     Plaintiff advised John that he was represented by Undersigned Counsel and gave John Undersigned Counsel's contact information.

27.     Plaintiff instructed John to immediately cease calling him and requested that Valentine & Kebartas direct all communications to Undersigned Counsel's office.

28.     John replied that Valentine & Kebartas would send Plaintiff a letter regarding the Debt and the call was terminated shortly thereafter.

29. The immediately aforementioned telephone call was an indirect attempt by GTE to collect the Debt from Plaintiff, despite having repeatedly received actual notice of Undersigned Counsel's representation with regard to the Debt.

30. On or about July 17, 2010, at approximately 10:20 a.m. ET, despite having received actual notice of Undersigned Counsel's representation with regard to the Debt, Valentine & Kebartas' representative called Plaintiff in an attempt to collect the Debt. The call was placed from telephone number 800-731-7766.

31. Plaintiff again advised Valentine & Kebartas' representative that he was represented by Undersigned Counsel with regard to the Debt.

32. Valentine & Kebartas' representative then read notes from Plaintiff's file and confirmed that Valentine & Kebartas had Undersigned Counsel's name, contact information, and that Plaintiff's intentions were to file for bankruptcy protection. The call was terminated shortly thereafter.

33. The immediately aforementioned telephone call was an indirect attempt by GTE to collect the Debt from Plaintiff, despite having repeatedly received actual notice of Undersigned Counsel's representation with regard to the Debt.

34. On or about July 20, 2010, despite having received actual notice of Undersigned Counsel's representation with regard to the Debt, Valentine & Kebartas mailed Plaintiff a letter in an attempt to collect the Debt. Please see attached a true and correct copy of Valentine & Kebartas' collection letter labeled Exhibit "A."

35. On or about July 21, 2010, at approximately 11:25 a.m. ET, despite having received actual notice of Undersigned Counsel's representation with regard to the Debt, Valentine & Kebartas' representative called Plaintiff in an attempt to collect the Debt. The call was placed from telephone number 800-731-7766.

36.     Plaintiff again advised Valentine & Kebartas' representative that he was represented by Undersigned Counsel with regard to the Debt.

37.     Valentine & Kebartas' representative and read notes from Plaintiff's file and confirmed that Valentine & Kebartas had Undersigned Counsel's name, contact information, and that Plaintiff's intentions were to file for bankruptcy protection. The call was terminated shortly thereafter.

38.     The immediately aforementioned telephone call was an indirect attempt by GTE to collect the Debt from Plaintiff, despite having repeatedly received actual notice of Undersigned Counsel's representation with regard to the Debt.

39.     On or about July 23, 2010, at approximately 2:05 p.m. ET, despite having received actual notice of Undersigned Counsel's representation with regard to the Debt, Valentine & Kebartas' representative "Helen" called Plaintiff in an attempt to collect the Debt. The call was placed from telephone number 800-731-7766.

40.     Plaintiff advised Helen that he was represented by Undersigned Counsel with regard to the Debt.

41.     Helen then read notes from Plaintiff's file and confirmed that Valentine & Kebartas had Undersigned Counsel's name, contact information, and that Plaintiff's intentions were to file for bankruptcy protection. The call was terminated shortly thereafter.

42.     The immediately aforementioned telephone call was an indirect attempt by GTE to collect the Debt from Plaintiff, despite having repeatedly received actual notice of Undersigned Counsel's representation with regard to the Debt.

43.     The Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against the Defendants and is obligated to pay his attorneys a

reasonable fee for their services.

44.    As of the date of this complaint, the Defendants have not initiated a law suit in an effort to collect the debt allegedly owed.  Likewise, no final judgment regarding the debt allegedly owed has been obtained by, or transferred to, the Defendants.

## V. FIRST CLAIM FOR RELIEF

45.    Plaintiff repeats and realleges and incorporates by reference paragraphs one (1) through forty-four (44) above.

46.    Valentine & Kebartas violated the FDCPA.   Valentine & Kebartas' violations include, but are not limited to, the following:

(a)    Valentine & Kebartas has violated the provisions of 15 U.S.C. § 1692c(2) by knowingly continuing to communicate with Plaintiff despite having received repeated actual notice of Undersigned Counsel's representation with regard to the Debt and having knowledge of Undersigned Counsel's contact information.

(b)    Valentine & Kebartas has violated the provisions of 15 U.S.C. § 1692e(10) by attempting to collect the Debt by using false and deceptive means. Specifically, by sending Plaintiff a collection notice and continuing to call Plaintiff after receiving actual notice of Undersigned Counsel's representation with regard to the Debt, Valentine & Kebartas asserted it had a right to continue to collect the Debt from Plaintiff despite the prohibitions provided under Florida Statute § 559.72(18).   No such right existed.

47.    As a result of the above violations of the FDCPA, Valentine & Kebartas is liable to the Plaintiff for declaratory judgment that Valentine & Kebartas' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, attorneys' fees and costs.

## VI. SECOND CLAIM FOR RELIEF

48.     Plaintiff repeats and realleges and incorporates by reference paragraphs one (1) through forty-four (44) above.

49.     The Defendants have each violated the FCCPA.  Defendants' violations of the FCCPA include, but are not limited to, the following:

(a)     GTE has violated provisions of Florida Statute § 559.72(7) by attempting to collect a consumer debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

(b)     Valentine & Kebartas has violated provisions of Florida Statute § 559.72(9) by asserting the existence of a right to send Plaintiff a collection notice and to continue to call Plaintiff after receiving actual notice of Undersigned Counsel's representation with regard to the Debt, despite being expressly prohibited from doing so by 15 U.S.C. § 1692c(2).

(c)     The Defendants have each violated provisions of Florida Statute § 559.72(18) by intentionally and repeatedly communicating with Plaintiff after having received repeated actual notice of Undersigned Counsel's representation with regard to the Debt and having knowledge of Undersigned Counsel's contact information.

50.     Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the Debt allegedly owed.

51.     As a result of the above violations of the FCCPA, Defendants are liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.    Declaratory judgment that Valentine & Kebartas' conduct violated the FDCPA;

B.    Declaratory judgment that each Defendants' conduct violated the FCCPA;

C.    Injunctive relief;

D.    Actual damages;

E.    Statutory damages against Valentine & Kebartas pursuant to 15 U.S.C. § 1692(k);

F.    Statutory damages against each Defendant, respectively, pursuant to Fla. Stat. § 559.77;

G.    Costs and reasonable attorneys' fees against each Defendant pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77; and

H.    For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

52.    Please take notice that Plaintiff demands trial by jury in this action.

Respectfully Submitted,

**LEAVENGOOD & NASH**

**Ian R. Leavengood, Esq., FBN 0010167**
**LEAD TRIAL COUNSEL**
2958 First Avenue North
St. Petersburg, FL 33713
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA            )
                            ) ss
COUNTY OF PINELLAS          )

Plaintiff, Anthony Mason, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth therein.
6. To the best of my knowledge, each and every exhibit which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


Anthony Mason

Subscribed and sworn to before me
this 24 day of November , 2010.


Notary Public

My Commission Expires:
April 29, 2014

SHEILA PRECIOUS
Notary Public - State of Florida
My Comm. Expires Apr 29, 2014
Commission # DD 987255
Bonded Through National Notary Assn