UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY MASON, an individual,

    Plaintiff,                                   Case No. 10-cv-2702-T-26EAJ

vs.

GTE FEDERAL CREDIT UNION, a
federally chartered credit union;
VALENTINE & KEBARTAS, INC., a
foreign corporation,

    Defendants.
_____/

## **DEFENDANT GTE FEDERAL CREDIT UNION'S MOTION TO DISMISS**

Comes now Defendant, GTE Federal Credit Union (hereinafter "GTE"), by and through its undersigned attorneys, and files this, its Motion to Dismiss the complaint filed against it and as grounds therefore, sets forth as follows:

1. This Motion to dismiss is brought under Fed. R. Civ. P. 12(b)(1).

2. That the Plaintiff has joined GTE as a co-Defendant in this matter based upon an alleged violation of the Florida Consumer Collection Practices Act under F.S. §559.55 et. seq.

3. That while the Plaintiff alleges and sets forth a federal cause of action against the other Defendant, no such allegation against GTE is set forth therein, and the proceeding against GTE is based solely upon an alleged violation of state law.

4. That the Plaintiff never establishes in its complaint any federal question regarding GTE, and fails to allege any diversity jurisdiction, and has therefore failed to establish any federal subject matter jurisdiction over GTE.

5. The complaint against GTE should be dismissed with prejudice by this Honorable Court.

**MEMORANDUM OF LAW IN SUPPORT OF GTE'S MOTION TO DISMISS**

It is axiomatic that a Plaintiff must establish subject-matter jurisdiction in order to invoke the power of a Federal court. While the first count of Plaintiff's complaint ("First Claim for Relief") establishes subject matter jurisdiction over the other Defendant, Valentine & Kebartas, Inc. (hereinafter "Valentine"), the second count of the complaint ("Second Claim for Relief") asserts only that GTE may have violated a Florida statute, F.S. §559.77. There is no allegation as to why this Court has subject-matter jurisdiction over GTE for an alleged violation of state law. Rule 12(b) (1) of the Federal Rules of Civil Procedure allows for dismissal of a case when it is determined that the court lacks subject matter jurisdiction. Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case. See *Knight v. Mueller*, 2010 WL 375621 (S.D. Fla. 2010), quoting *Smith v. GTE Corp.*, 236 F. 3d 1292 (11th Cir. 2002). It is certainly not enough to assert jurisdiction over GTE because the Plaintiff may have asserted a proper jurisdictional basis over another Defendant (Valentine); jurisdiction must exist over all Defendants in the case. Further, the mere assertion of federal claims may be insufficient for the court to invoke its jurisdictional authority. In a case dealing with allegations of diversity, the court held that diversity must exist as to all defendants, not just some. See *Strickland v. Holiday RV Superstores, Inc.*, 817 F. Supp. 951(M.D. Fla. 1993). That case involved a question concerning diversity of citizenship, which this Plaintiff cannot

2

establish because his pleadings establish that both the Plaintiff and GTE are Florida residents.[1]

Absent diversity (and the requisite amount in controversy, also lacking here), a plaintiff must affirmatively set forth a substantial federal question in order to invoke the district court's jurisdiction. Federal question jurisdiction exists only when the complaint, standing alone, establishes either that a federal law creates the cause of action or that plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. See *Selensky v. Whiddon*, 376 Fed. Appx. 887, 2010 WL 1645980 (11th Cir.2010). The Plaintiff has alleged no such allegations here and cannot do so.

## CONCLUSION

Wherefore, Defendant GTE respectfully moves this Honorable Court for the entry of an Order dismissing GTE Federal Credit Union from this action with prejudice, and granting such other and further relief as the Court deems just and appropriate in the circumstances.

Dated this 4th day of January, 2011.

/S/ Neil C. Spector
Neil C. Spector, Esq.
Florida Bar No. 280471
nspector@kasslaw.com
Scott A. Frick, Esq.
Florida Bar No. 0884741
sfrick@kasslaw.com
KASS, SHULER, SOLOMON, SPECTOR,
FOYLE & SINGER, P.A.
P.O. Box 800
Tampa, FL 33601
Tel:  (813) 229-0900 Ext. 1337
Fax: (813) 769-7574
Attorneys for Defendant GTE

---

[1] See paragraphs 3 and 4 of Complaint.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 4th day of January, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which electronically served a copy on: Ian R. Leavengood, Esq., Leavengood & Nash, 2958 First Avenue North, St. Petersburg, FL 33713.

                                          /S/ Neil C. Spector
                                          Neil C. Spector, Esq.