## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANTHONY MASON, an individual,

    Plaintiff,

v.                                                                                   CASE NO: 8:10-cv-2702-T-26EAJ

GTE FEDERAL UNION, *etc., et al.*,

    Defendants.
_____/

## **O R D E R**

Pending before the Court is the motion of Defendant GTE Federal Credit Union ("GTE") to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because of a lack of subject matter jurisdiction. After careful review of the jurisdictional allegations of Plaintiff's complaint, together with the substance of GTE's arguments, the Court concludes that the motion is due to be denied thus obviating the need for a response from Plaintiff.

GTE's challenge to subject matter jurisdiction in this case is based solely on the facial allegations of the complaint. In light of that fact, the Court must accept the allegations as true in the same manner as if it was considering a motion to dismiss based on Rule 12(b)(6). See Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). Those allegations as to subject matter jurisdiction, taken as true, establish federal question

jurisdiction against Defendant Valentine & Kebartas, Inc., in count one of the complaint for violating the provisions of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("the FDCPA").  Plaintiff further claims the existence of supplemental jurisdiction under 28 U.S.C. § 1367 against both Defendants as to count two for violating the Florida Consumer Collections Practices Act, sections 559.55 *et seq*. ("the FCCPA"). Finally, Plaintiff's allegations reflect that the claims in both counts are inextricably intertwined in that they are based on the same core of facts.

In view of Plaintiff's allegations, the Court concludes that it may exercise subject matter jurisdiction with regard to the state-law claim embodied in count two against both Defendants based on § 1367(a).  That statutory provision clearly provides, with certain exceptions not at issue in this case, that "in every civil action of which district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  The statute also expressly provides that "[s]uch supplemental jurisdiction shall include claims that involve the *joinder* or intervention of *additional parties*." (Emphasis added.)[1]

---

[1] As explained in McRay v. Holt, 777 F.Supp. 945, 948 (S.D. Fla. 1991), which was cited with approval in Palmer v. Hospital Auth. of Randolph Cty., 22 F.3d 1559, 1567 (11th Cir. 1994), this statute was enacted in order to expressly authorize federal courts to exercise pendent party jurisdiction over parties without an independent federal jurisdictional basis, thus repudiating case law to the contrary emanating from the Supreme Court and the federal Courts of Appeals, including the Eleventh Circuit.  See also Shaw v.

There can be no question based on Plaintiff's allegations that this Court has original jurisdiction as to count one under the FDCPA, that the claims in both counts one and two are so related that they form part of the same case or controversy, and that GTE has been joined as an additional party in count two with respect to the state law claim Under those circumstances, this Court has pendent party jurisdiction over GTE such that it possesses the requisite subject matter jurisdiction over the state law claim alleged against both Defendants in count two of the complaint. See Ortega v. Brock, 501 Supp.2d 1337, 1340-41 (S.D. Fla. 2007) (concluding that court had pendent party jurisdiction over state law claims against two defendants by virtue of the fact that it had original federal jurisdiction over claim involving third defendant and the federal and state claims each involved the same facts, occurrences, and witnesses sufficient to satisfy the constitutional case or controversy requirement of § 1367(a)).

**ACCORDINGLY**, GTE's Motion to Dismiss (Dkt. 10) is **denied**. GTE shall file its answer and defenses to Plaintiff's complaint within ten (10) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on January 5, 2011.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

---

D.T. Marshal, 2008 WL 1924991 *1 n.1 (S.D. Fla. 2008) (noting that "28 U.S.C. § 1367(a) allows a court to exercise supplemental jurisdiction over 'claims involving parties not named in any independently cognizable federal claim.'") (quoting Hammond v. Clayton, 83 F.3d 191, 194 (7th Cir. 1996)).

**COPIES FURNISHED TO**:
Counsel of Record