UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY MASON, an individual,

    Plaintiff,                                  Case No. 10-cv-2702-T-26EAJ

vs.

GTE FEDERAL CREDIT UNION, a
federally chartered credit union;
VALENTINE & KEBARTAS, INC., a
foreign corporation,

    Defendants.
_____/

## DEFENDANT GTE FEDERAL CREDIT UNION'S ANSWER AND AFFIRMATIVE DEFENSES

Comes now Defendant, GTE Federal Credit Union (hereinafter "GTE"), by and through its undersigned attorneys, and files this, its Answer and Affirmative Defenses to the Complaint filed by the Plaintiff, and sets forth as follows:

1. Denied that supplemental jurisdiction exists over GTE or that declaratory relief should be granted.

2. Admitted that GTE conducts business in this judicial district.

3. Without knowledge of Plaintiff's current residence.

4. Admitted.

5. Without knowledge and denied.

6. Admitted.

7. Without knowledge and denied.

8. Admitted.

9. To the extent that this paragraph implies wrongdoing on the part of GTE, it is denied.

10. Denied.

11. Admitted.

12. Without knowledge and denied.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied.

24. Without knowledge and denied.

25. Without knowledge and denied.

26. Without knowledge and denied.

27. Without knowledge and denied.

28. Without knowledge and denied.

29. Denied.

30. Without knowledge and denied.

31. Without knowledge and denied.

32. Without knowledge and denied.

33. Denied.

34. Without knowledge and denied.

35. Without knowledge and denied.

36. Without knowledge and denied.

37. Without knowledge and denied.

38. Denied.

39. Without knowledge and denied.

40. Without knowledge and denied.

41. Without knowledge and denied.

42. Denied.

43. Without knowledge and denied.

44. Admitted that GTE has not filed suit against Plaintiff.

45. See prior responses.

46. Without knowledge and denied.

47. Without knowledge and denied.

48. See prior responses.

49. Denied.

50. Denied.

51. Denied.

**AFFIRMATIVE DEFENSES**

1. The submission of the debt of Plaintiff to the collection agency by GTE was done inadvertently and in error.

2. That GTE did not knowingly and intentionally violate any provision of F.S. 559.72.

3. That GTE is entitled to a setoff for the amount of the debt owed by Plaintiff to GTE, in the event that any damages are awarded to the Plaintiff in this action.

4. The Court lacks federal jurisdiction over GTE.

5. That the acts of the co-Defendant in this matter cannot be imputed to GTE.

Wherefore, Defendant respectfully requests this Court to enter judgment in favor of Defendant and against Plaintiff, and award Defendant attorneys' fees pursuant to F.S. 559.77(2), together with any costs incurred in the defense of this matter.

Dated this 17th day of January, 2011.

/S/ Neil C. Spector
Neil C. Spector, Esq.
Florida Bar No. 280471
nspector@kasslaw.com
Scott A. Frick, Esq.
Florida Bar No. 0884741
sfrick@kasslaw.com
KASS, SHULER, SOLOMON, SPECTOR,
FOYLE & SINGER, P.A.
P.O. Box 800
Tampa, FL 33601
Tel: (813) 229-0900 Ext. 1337
Fax: (813) 769-7574
Attorneys for Defendant GTE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of January, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which electronically served a copy on: Ian R. Leavengood, Esq., Leavengood & Nash, 2958 First Avenue North, St. Petersburg, FL 33713.

/S/ Neil C. Spector
Neil C. Spector, Esq.