UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY MASON,
an individual,                                              Case No. 8:10-cv-02702-RAL-EAJ

      Plaintiff,
v.

GTE FEDERAL CREDIT UNION,
a federally chartered credit union, et al.,

      Defendants.
_____/

**PLAINTIFF'S SECOND MOTION FOR ENTRY OF FINAL
DEFAULT JUDGMENT AGAINST DEFENDANT, VALENTINE & KEBARTAS, INC.**

      Plaintiff, ANTHONY MASON, by and through his undersigned attorney, requests the entry of a Default Judgment against Defendant, VALENTINE & KEBARTAS, INC. (hereinafter "Defendant"), and states:

      1.     Service was duly effectuated in compliance with the Federal Rules of Civil Procedure.

      2.     No extension of time was sought or obtained by the Defendant and Defendant failed to file a responsive pleading or motion within the time specified.

      3.     A Default was entered for the Plaintiff against the Defendant on January 20, 2011.

      4.     Pursuant to Section 559.77, Florida Statutes, Plaintiff is entitled to up to $1,000.00 statutory damages from Defendant.

      5.     Pursuant to United States Code Title 15 Section 1692k(a)(2)(A), Plaintiff is entitled to up to $1,000.00 statutory damages from Defendant.

      6.     Furthermore, Plaintiff is entitled to reimbursement of reasonable attorneys' fees and costs in the amount of $3,758.45, plus interest thereon. This requested amount of attorneys' fees and

costs represents a pro-rata portion of the total attorneys' fees and costs incurred by the Plaintiff up and through the date of the filing of this Second Motion for Entry of Final Default Judgment.

7. Undersigned counsel and his staff keep contemporaneous time entries and costs that, given the early settlement with co-defendant, GTE Federal Credit Union, and the entry of a Clerk's Default against Defendant, are indistinguishable between the Defendants and have therefore been equitably split between them for the purposes of this Second Motion for Entry of Final Default Judgment.

8. Contemporaneously herewith, the undersigned counsel files its Affidavit in Support of Plaintiff's Second Motion for Entry of Final Default Judgment, testifying to the accuracy of the attorneys' fees and costs set forth herein.

9. Plaintiff seeks an entry of Judgment against the above-named Defendant.

10. Plaintiff requests that the court reserve jurisdiction for purposes of executing on the judgment.

**WHEREFORE**, Plaintiff prays this honorable court will enter Judgment against Defendant, Valentine & Kebartas, Inc., in the amount of $5,758.45, which is Plaintiff's statutory damages under both the FCCPA and FDCPA plus a reasonable attorney's fee; declare Valentine & Kebartas, Inc. in violation of the FCCPA and the FDCPA; enjoin Valentine & Kebartas, Inc. from violating the FCCPA and the FDCPA against the Plaintiff in the future; reserve jurisdiction for the purpose of Plaintiff's collection of this judgment; and for such other relief as is good and proper.

                                       Respectfully Submitted,

                                       **LEAVENGOOD & NASH**

                                         /s/ Ian R. Leavengood
                                       **Ian R. Leavengood, Esq., FBN 10167**
                                       2958 First Avenue North
                                       St. Petersburg, FL 33713

>Phone: (727) 327-3328
>Fax: (727) 327-3305
>ileavengood@leavenlaw.com
>Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Second Motion for Final Default Judgment with attachments has been furnished by electronic noticing or by regular U.S. Mail on February 24, 2011 to:

Valentine & Kebartas, Inc.
15 Union Street
Lawrence, MA 01840

Mr. Neil C. Spector
Counsel for Defendant GTE FCU
PO Box 800
Tampa, FL 33601

> /s/ Ian R. Leavengood
> Attorney